## Meloy v. Meloy.

Oscar G. Wickersham, for libellant.

WICKERSHAM, J., Feb. 11, 1929.—This was an application for divorce in which the libellant, in the libel filed Oct. 29, 1927, alleges that the respondent gave herself up to adulterous practices, and that she was guilty of adultery with a certain William Sprowles and divers other persons to the petitioner unknown.

469

The learned master, on page 9 of his original report, finds that "Susan Meloy, the respondent in this case, and William Sprowles were in bed together on a dozen occasions at 1438 Vernon Street, Harrisburg, Pa." The master concluded as follows: "These findings, unexplained in any way, seem to lead fairly and necessarily to the conclusion of adulterous practices between them, as alleged in this libel." However, the master, for the reason that the *allegata* and *probata* relating to the date of the marriage did not agree, recommended that the prayer of the libel in this case should be refused on the ground of the variation of the date of the marriage averred in the libel and the testimony.

The libellant then presented his petition, setting forth that the true date of his marriage was July 17, 1923, instead of July 17, 1917, as stated in his evidence. The petition prayed that the matter be resubmitted to the master for the purpose of taking additional testimony, whereupon, on Nov. 14, 1928, upon the presentation of the petition of the libellant, we ordered and directed that the master's report be resubmitted to him in order that he "shall hear additional testimony for the purpose of enabling the libellant to prove the true date of his marriage to the respondent."

After hearing additional testimony and reviewing the same, the master reached the following conclusions of law: "2. Susan Meloy committed adultery with William Sprowles. 3. Elmer Meloy did not condone the adultery of Susan Meloy. 4. The master cannot recommend a decree in divorce on the record before him."

To this report exceptions were filed, upon which we heard argument of counsel. We are of the opinion that the master, having found that the respondent committed adultery, which adulterous practice was not condoned by the libellant, his fourth conclusion of law, as contained in his supplemental report, cannot be sustained. The final conclusion of the master is, therefore, reversed and a divorce will be granted and a decree will be signed upon application of counsel upon the payment of the costs.